In this case both plaintiff and defendant claimed under grants from the State of North Carolina. The grant under which the lessors of the plaintiff claimed title was dated in 1792, and was of an older date than the grant of the defendant. The defendant produced in evidence an entry made on the 23d day of October, 1783, in the following words: "Jonathan Greaves enters three thousand acres of land, lying on the north side of Duck River, on the first creek above Spring Creek, beginning on said river three quarters of a mile below the mouth of said creek, running north and east for quantity."
Upon which entry a grant issued in 1795, containing the following description of the land: "Beginning on the north side of Duck River, on the said river, about three quarters of a mile below the mouth of the first creek above Spring Creek, at a beech, running thence north," c. The grant then describes the boundaries.
Spring Creek was proved to be notorious as early as February, 1784; and the witnesses who proved this notoriety also stated that a Mr. Drake, since dead, told them it had been named by himself and another man in the summer of 1783. It did not appear that any person except those two men had ever been on Spring Creek at or before the entry of *Page 138 
Greaves was made. The creek has been called Spring Creek ever since.
There was no proof that the corners and lines called for in the defendant's grant could be found or were in existence.
The defendant also produced a plat of survey upon which the grant issued, describing the land in the same words used in the grant.
The first question which presents itself is as to the notoriety of Spring Creek. Whether it possessed sufficient notoriety is a question of fact to be determined by the jury; but it may not be amiss to make some observations upon the subject of notoriety.
Let it first be observed that the oldest grant can not be set aside but by a special entry previously made. What is a special entry? Nothing more than an entry which truly describes the objects for which it calls. Upon examining the North Carolina land law it will be found that nothing is said about notoriety. It has been introduced by the courts for the purpose of the aiding an entry otherwise defective. The object of the Legislature was that every entry should be made so as to afford to a subsequent locator a reasonable opportunity of finding the land first located. This, no doubt, was the point of view in which the Legislature of North Carolina considered the subject.
But it happened, in a great many instances, that the locator in describing the land used a defective description. This, of course, made the entry void unless something else appeared to remedy the defect. Under the influence of these considerations the courts of justice have very properly determined that, in the case of a defective description, the entry will still be good if the objects called for in the entry were notorious, that is, generally known by persons conversant in that section of the country. Thus we see that the whole doctrine of notoriety has been *Page 139 
introduced for the purpose of aiding an entry, and we ought to be cautious bow to permit it to work a destruction.
When we speak of notoriety we do not thereby mean, that the object is known to all the world. It is intended only to convey the idea, that the object was known by the name specified in the entry, to persons generally, who lived or were conversant in the section of the country where the object existed. Where notoriety becomes necessary to be proved, the material matter to establish is, was this object generally known by the name mentioned in the entry, to persons conversant in the part of the country where the land is supposed to lie? If this question is affirmatively ascertained the notoriety of the object is established.
It seems not to be questioned, but that Spring Creek was sufficiently notorious before the commencement of the plaintiff's claim; and it has been argued, that, although the creek was not generally known at the time the defendant's entry was made, still the entry is good, if it acquired notoriety before the adversary claim originated. Upon this point, I wish to be understood as giving no opinion. I determined against this argument, in Kentucky, in the case of Liggett v. Marshall; but the ground of that determination was, that such was the settled doctrine in the State Courts. If it had been a case res integra, I am not prepared to say that a similar decision would have been made. In this State, so far as I know, the question is not understood as settled either way; so that it may be taken up and decided upon principle. But 1 repeat, that I do not wish to be understood as giving an opinion upon the point positively, though I confess, that I am strongly inclined to the idea, that if the object called for becomes notorious before the conflicting entry is made, the purposes of the law are satisfied. Hardin's Rep. 71.
As to the word about, used in the grant, I am of opinion that it does not make the land uncertain. It has always been determined, that the word about signifies in an entry or grant, at, unless something con be shown to evidence a contrary intention. If a grant *Page 140 
calls to begin "about a mile from Nashville," giving the course, but giving no other description of the beginning, the beginning should be precisely at the end of the mile. Or suppose, as in this case, the grant calls to begin "on Duck River about three quarters of a mile below the mouth of the first creek above Spring Creek, at a beech." Now if the beech can be found, that must be the place of beginning; but if the beech can not be found, then the beginning must be at the end of three quarters of a mile, meandering the river from the mouth of the creek. If two objects are called for in the grant, as the means of identifying the land, one of them mutable, and the other immutable, viz., a tree and the mouth of a creek; and the tree can be found and identified, but the mouth of the creek can not, yet the grant would be held sufficient; for the land is legally identified. Surely, the principle upon which such adjudications have been made, will operate, at least as fully, in a case where the mouth of the creek is established, and identified although the tree can not be found.
It is therefore my opinion, that the beginning mentioned in the grant is well enough described.
It may be also remarked, that in the construction of the word about, the decisions have not been single. The same rule has been applied to the expression "near;" and so a call to run eastwardly has been adjudged to mean due east, unless there be some object which can be found to control the course. Similar decisions have been made in relation to all such doubtful expressions.
As to the call for the tree, I will barely add, that perhaps one never was marked. If such be the fact, the omission Was the fault of the surveyor, and should not prejudice the grantee. It is sufficient if he can show enough of the objects called for in the grant to identify the land.
Verdict for the defendant.
NOTE. — This case is cited in McMillan v. Claxton, 4 Hay, 279. — ED.